UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00054-TWP-TAB |
| | ) | |
| AMANDA PIERSON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 72. In her motion, Defendant seeks early release from her 12-month sentence for making false declarations before the court so that she can help care for her ailing parents and her injured adult son. Dkts. 72, 75. According to Defendant, as noted in her presentence investigation report, her father has cancer and just recently had two more biopsies. He has been disabled since 1996 and her mother has COPD. Both parents have "horrible heart conditions," including stents. Her 19-year-old son was involved in a train/automobile accident and was forced to move in with Defendant's parents due to his "immobilization." Defendant states that her parents have been having a really hard time getting Defendant's son to and from his medical appointments,

1

in addition to their own appointments. Defendant also states that she has a 17-year-old son who lives with his father, but "needs his mother."

      The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

      At the outset, the Court notes that according to the BOP's inmate database, Defendant is no longer in BOP custody. *See* https://www.bop.gov/inmateloc/ (last accessed June 7, 2022). If she is no longer serving her sentence, then her motion is moot.

      Even if her motion is not moot, Defendant has not met her burden to show that extraordinary and compelling reasons warrant release. There is no suggestion that Defendant's parents are incapacitated, and, regardless, many inmates have elderly or ill parents whom they would like to help. In addition, Defendant does not suggest that her adult son lacks a caregiver. In fact, by her own admission, Defendants' parents are currently caring for him. Although Defendant's desire to help her family is admirable, she has not presented extraordinary and compelling reasons warranting release.

For the reasons stated above, Defendant's motion for compassionate release, dkt. [72], is **denied**.

**IT IS SO ORDERED.**

Dated: 6/9/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Amanda Pierson
Reg. No. 17495-028
FPC Alderson
Federal Prison Camp
Glen Ray Rd., Box A
Alderson, WV 24910

All Electronically Registered Counsel